UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHNNIE LEE GIPSON,

Plaintiff,

v.

CAUSE NO. 3:20-cv-607 DRL-MGG

INDIANA DEPARTMENT OF
CORRECTIONS and STATE OF INDIANA,

Defendants.

OPINION & ORDER

Johnnie Lee Gipson alleges various constitutional violations under 42 U.S.C. §§ 1983 and 1985 after he lost good time credits during Indiana's Sex Offender Management and Monitoring Program (SOMM). He was convicted of sexual misconduct with a minor and child exploitation, sentenced to twelve years with the Indiana Department of Corrections, and required to participate in SOMM.

According to his allegations, assumed as true here, *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010), SOMM requires participants to admit their guilt or risk losing earned credits, but Mr. Gipson refused under the Fifth Amendment. His refusal resulted in disciplinary sanctions, including IDOC's denial of six years of earned credit time. Mr. Gipson says the State of Indiana and IDOC violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

The defendants have moved to dismiss the complaint. Without response from Mr. Gipson, the court may rule summarily. *See* N.D. Ind. L.R. 7-1(d)(5). The defendants argue Eleventh Amendment immunity, but the court should avoid "unnecessary constitutional decisionmaking," particularly when the governing law provides a statutory defense. *See Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012); *see also Sanders v. Ind. Dept. of Corrections*, 806 F. Appx. 478, 480 (7th Cir. 2020).

And here statutory defenses exist. Neither a state nor a state agency qualifies as a "person" suable under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Wagoner v. Lemmon*,

778 F.3d 586, 592 (7th Cir. 2015). Mr. Gipson also has alleged conduct only by state actors, rather than any conspiratorial private actor, so he likewise has no plausible § 1985 conspiracy claim.[1] *See Turley v. Rednour*, 729 F.3d 645, 649 n.2 (7th Cir. 2013); *see also Scott v. City of Chicago*, 619 F. Appx. 548, 548 (7th Cir. 2015). The court must dismiss all claims against the IDOC and State of Indiana.

These two parties are the only defendants Mr. Gipson named or served. His complaint equivocally refers to the IDOC superintendent twice but without any facts that would plausibly explain why he has any claim against the superintendent in either his official or personal capacity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). What's more, a suit against a state official in his official capacity isn't a suit against a statutory "person" under § 1983, *see Will*, 491 U.S. at 71, nor adds the private actor necessary for a § 1985 conspiracy claim, *see Turley*, 729 F.3d at 649 n.2.

A claim against a state official in his individual capacity suffices as a "person" for a § 1983 action so long as "he caused or participated in [the] alleged constitutional deprivation." *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991). Recognizing that § 1983 isn't a vehicle for *respondeat superior* liability, *see Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000), Mr. Gipson offers no facts plausibly involving the superintendent in the alleged loss of earned credits or as a willful participant in any conspiracy, *see Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

Accordingly, the court GRANTS the motion to dismiss for failure to state a claim upon which relief may be granted (ECF 7) and DIRECTS entry of judgment. This order terminates the case.

SO ORDERED.

January 5, 2021                                    *s/ Damon R. Leichty*
                                                   Judge, United States District Court

---

[1] Mr. Gipson hasn't plausibly alleged a § 1986 claim by merely making passing reference to the statute once in his complaint without supporting facts (*cf. also* ECF 1 ¶¶ 7, 16). In any event, there can be no § 1986 conspiracy claim without an underlying violation of § 1985. *See Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).